Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,            )<br>                             )<br>        Plaintiff,          )<br>           v.                )<br>                             )<br>JOHN DOE,                    )<br>                             )<br>        Defendant.           )<br>_____) | No. 4:12-CV-2408-PJH<br><br><br><br>**PLAINTIFF'S CASE MANAGEMENT<br>CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC, by and through its counsel of record, hereby submits this Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 2), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28

---

[1] Per L.R. 16-9, a joint statement could not be attained because Plaintiff is the only party to this case at this time. *See* Exhibit A is the Declaration of Brett L. Gibbs.

U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, John Doe either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by John Doe to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery was granted on June 1, 2012 (hereinafter the "June 1 Order"), and a subpoena for identifying information regarding the individual associated with the Internet Protocol ("IP") address 24.4.210.137 was issued to the Internet Service Provider ("ISP") Comcast Cable Communications LLC ("Comcast"). On June 4, 2012, Plaintiff served that subpoena on Comcast. Upon production of information from the ISP, Plaintiff was only very recently able to communicate with the individual associated with the IP address 24.4.210.137. Plaintiff and that individual are currently in the process of negotiating a settlement in an effort to avoid lengthy and burdensome litigation. If that is achieved, then Plaintiff will be able to close this case without naming the individual associated with IP address 24.4.210.137. If that is not possible, then Plaintiff plans on naming and serving that individual as a defendant in this case.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. John Doe is the alleged anonymous copyright infringer.

Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. Through unique proprietary software, Plaintiff's agents identified the infringer by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of the infringer's infringing activity. (ECF No. 9-1 ¶¶ 16, 27.) While these were not the only times of John Doe's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and

recorded. (ECF No. 9-1 ¶¶ 26-27.) Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that John Doe unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. (ECF No. 9-1 ¶ 25.) A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on John Doe was accurate. (ECF No. 5-1 ¶¶ 14-26.) Through Plaintiff's agents' work, it is overwhelmingly clear that John Doe, using the IP addresses 24.4.210.137, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (*Id.*)

John Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. John Doe operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which John Doe conducted him/herself online, Plaintiff was unaware of John Doe's actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information—until recently. Plaintiff is currently in communication with John Doe in an effort to resolve the case without proceeding with a trial. Defendant John Doe has, apparently, chosen not to participate in this Case Management Conference Statement.

**3. Legal Issues:**

Plaintiff believes that it states a *prima facie* case for copyright infringement.

**4. Motions:**

On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 9.) On June 1, 2012, the Court granted that Application. (ECF No. 10.)

**5. Amendment of Pleadings:**

Currently, none. However, Plaintiff may file an Amended Complaint, with the purpose of naming and serving the Defendant, depending on the result of communications with John Doe.

**6. Evidence Preservation:**

Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of John Doe's infringing activity using its proprietary software. 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. (ECF No. 9-1 ¶ 16.) 6881's processes are designed to ensure that information gathered about John Doe is accurate. (*Id.*) Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial. (ECF No. 9-1 ¶¶ 26-27.)

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures.

**8. Discovery:**

Plaintiff served its subpoena for identifying information regarding Comcast's subscriber issued with the IP address 24.4.210.137 on June 4, 2012. Upon receiving the identifying information from Comcast, Plaintiff identified and initiated communication with John Doe for the purpose of settlement. Currently, both parties are participating in a negotiation regarding how to proceed with this case. (*See* Ex. A Decl. of Brett L. Gibbs.) Negotiations are predicted to resolve in a few weeks. (*Id.* ¶ 3.)

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that John Doe infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that John Doe has injured the business reputation and business of Plaintiff by John Doe's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining John Doe from further violating

Plaintiff's copyrighted works, and further issue an order impounding or requiring John Doe to destroy all copies of those unlawfully copyrighted files in John Doe's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against John Doe for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case. Plaintiff has only recently discovered the identity of the infringer, and is currently in communication with John Doe to resolve this case without resorting to a full-blown trial. (*See* Ex. A Decl. of Brett L. Gibbs.) This process is expected to come to a conclusion in the next few weeks. (Ex. A Decl. of Brett L. Gibbs ¶ 3.)

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner.

**17. Scheduling:**

As mentioned before, Plaintiff has only just begun the process of negotiating with John Doe. Plaintiff seeks to discuss such matters with the Defendant or the representing attorney, if the Defendant has any, if necessary.

///

///

## 18. Trial:

Again, at this point, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

## 19. Disclosure of Non-Party Interested Entities or Persons:

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 3.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

## 20. Other Matters:

John Doe is currently on notice of the Initial Case Management Conference.

Respectfully Submitted,

PRENDA LAW INC.

DATED: August 16, 2012

By:   /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                                      /s/ Brett L. Gibbs
                                                         Brett L. Gibbs, Esq.